IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEVIN LEE GRADY, SR.,**
No. 16001-040,

    Petitioner,

vs.                          CIVIL NO. 16-cv-00285-DRH

**MAUREEN BAIRD,**

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Kevin Lee Grady, Sr., is a federal inmate currently incarcerated in the satellite camp at the United States Penitentiary in Marion, Illinois. Grady has initiated this habeas corpus action pursuant to 28 U.S.C. § 2241, collaterally attacking his conviction and sentence for wire fraud, bank fraud and making false statements (Doc. 1). *See United States of America v. Grady*, Case No. 11-cr-00131 (W.D. Mi. 2012).

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the petition shall undergo preliminary review. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## **Procedural History**

Grady was sentenced to 168 months in prison, four years of supervised release, and $3,086,195.06 in restitution. As summarized by the Court of Appeals for the Sixth Circuit:

> Grady was the leader of a complex scheme involving inflated mortgage appraisals and other misrepresentations through which he and several other individuals defrauded numerous banks of millions of dollars in connection with mortgage loans. A jury convicted him of one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349, eight counts of wire fraud under 18 U.S.C. § 1343, two counts of making false statements to agents of the United States under 18 U.S.C. § 1001(a)(2), and one count of bank fraud under 18 U.S.C. § 1344(a).
>
> The presentence report ("PSR") recommended finding that Grady's base offense level was seven, pursuant to § 2B1.1 of the applicable United States Sentencing Guidelines. After applying numerous enhancements, including a two-level increase pursuant to USSG § 3C1.1 because Grady obstructed justice by providing false information to the FBI during the official investigation, his recommended total offense level was thirty-seven. Combined with a criminal history category of I, his resulting recommended Guidelines sentencing range was 210–262 months of imprisonment.

Case No. 14-cr-131, Doc. 288, pp. 3-4. The two-level increase pursuant to Guidelines Section 3C1.1 was unsuccessfully challenged on direct appeal.

In 2014, Grady moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (*Grady v. United States*, Case No. 14-cv-00038-RJJ (W.D. Mi. Jan. 13, 2014)). As summarized by the district court:

> Mr. Grady's claims, many of which overlap, fall into four general categories: (1) challenges to the sufficiency of the evidence; (2) challenges to his convictions and restitution based on his lenders' sale of loans on the secondary market; (3) challenges to his conviction for bank fraud (Count 20) based on his assertion that Key Bank, N.A., was not a "financial institution" as defined in 18 U.S.C. § 20,5 (4) challenges based on alleged ineffective assistance of counsel for (i) failing to investigate the charges against him adequately; (ii) failing to present evidence and argue at trial that Mr. Grady was not guilty of wire fraud because the fraudulent loans had been sold on the secondary market; (iii) failing to present at trial evidence that Key Bank, N.A. was not a "financial institution" as defined in 18 U.S.C. § 20; and (iv) failing to challenge the evidentiary value of certain of the appraisals the government introduced in support of its extensive case.

Case No. 14-cv-00038-RJJ (Doc. 18, pp. 3-4). The Section 2255 was denied in all respects. The Sixth Circuit denied a certificate of appealability, and later declined to reconsider that decision. Case No. 14-cv-00038-RJJ, Docs. 22, 23.

Less than two months after the appeal of his Section 2255 motion concluded, Grady filed the present Section 2241 habeas corpus petition, essentially pressing the claims in his Section 2255 petition that were deemed to have been procedurally defaulted (*see* Doc. 1, p. 8 (Grady indicates he is confused as to why his arguments were deemed procedurally defaulted and cannot be considered).

### **The Section 2241 Petition**

The centerpiece of Grady's Section 2241 petition is his argument that the private mortgage lenders he defrauded were not defined as "financial institutions," not depository lenders, not insured by the FDIC and, therefore, the government lacked subject matter jurisdiction, and he did not violate the law and is "actually innocent." He also challenges his two-level enhancement for involving 10 or more victims, because the documentation attached to the indictment only revealed nine victims. Grady further takes issue with having to make restitution to anyone other than the original private mortgage lenders, who sold their assets before he was ever indicted.

Grady premises his petition upon *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), which was decided while Plaintiff's direct appeal was pending; *United States v. O'Brien*, 560 U.S. 218 (2010); and [*Michael*] *Crawford v. Washington*, 541 U.S. 36 (2004).[1] *Alleyne* holds that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. *O'Brien* similarly holds that an element of an offense must be proved to the jury beyond a reasonable doubt. *Crawford* is cited for its restatement of the Sixth Amendment principle that one has a right to be confronted with the witnesses against him.

## Discussion

---

[1] Petitioner Grady mistakenly uses the defendant's first name, Michael, rather than his last name, Crawford.

As a general matter, Section 2241 is the appropriate means by which to challenge the fact or duration of confinement, while Section 2255 is properly invoked when challenging the validity of a conviction and sentence. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Grady does not challenge the duration of his confinement, *per se*. Therefore, Section 2241 does not appear to provide him with an appropriate avenue for relief.

Generally, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer*, 347 F.3d at 217. Grady's Section 2255 motion was unsuccessful—many arguments were found to have been procedurally defaulted, meaning that they were of the type that could have been raised on appeal but were not.

Grady's attempt to present his arguments on appeal was rebuffed when the Sixth Circuit refused to grant him a certificate of appealability. The statute generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant

guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Consequently, Grady did not seek leave to file a second or successive Section 2255 motion to pursue the arguments he now makes under *Alleyne*; instead, he filed the subject Section 2241 petition.

Under very limited circumstances, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In the Seventh Circuit, in order to proceed under the savings clause, a petitioner must typically meet three conditions. First, he must show that he relies

on a new statutory interpretation case rather than a constitutional case. To be clear, the new statutory interpretation case must announce a "change of law." *Id.* at 611-12. Recent cases that simply rearticulate settled rules of law do not count as "new." Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Accordingly, the Court begins with the threshold issue of whether the present petition has been properly brought under the savings clause. The Court's inquiry centers on whether any of petitioner's arguments rest upon a statutory interpretation case that announced a change in law that petitioner could not have relied upon in his Section 2255 motion.

Grady cannot meet the criteria for utilizing Section 2241. *United States v. O'Brien*, 560 U.S. 218 (2010), and *Crawford v. Washington*, 541 U.S. 36 (2004), were decided before Grady was even indicted. *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), was decided while Plaintiff's direct appeal was pending. Arguably, Grady did not have an opportunity to present *Alleyne*-based arguments on direct appeal, but could have been presented in his 2014 Section 2255 petition. In any event, relative to the savings clause, *Alleyne* was decided based on constitutional principles, not statutory interpretation. Moreover, *Alleyne* was *not* made retroactive by the Supreme Court. *See Simpson v. United States*,

721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* was not made retroactive); *see also Davis v. United States*, __F.3d __. 2016 WL 1028011, *6 (7th Cir. March 15, 2016) (reiterating that *Alleyne* is not retroactive).

Similarly, insofar as petitioner claims that he is actually innocent of his conviction, Grady has offered no new statutory interpretation case applicable here that would allow this Court to review the merits of his claims. As such, relief pursuant to 28 U.S.C. § 2241 is not available to petitioner and this Court cannot address the merits of his arguments.

## Disposition

For the foregoing reasons, the petition (Doc. 1) is summarily **DISMISSED with prejudice**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008);

*Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion *may* toll the 30-day appeal deadline, but a motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 14th day of April, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.04.14 11:10:14 -05'00'

**United States District Court**