IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEVIN LEE GRADY, SR.,**
**No. 16001-040,**

    **Petitioner,**

vs.                                                            **CIVIL NO. 16-cv-00285-DRH**

**MAUREEN BAIRD,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Kevin Lee Grady, Sr., is a federal inmate currently incarcerated in the satellite camp at the United States Penitentiary in Marion, Illinois. Grady initiated this habeas corpus action pursuant to 28 U.S.C. § 2241, collaterally attacking his conviction and sentence for wire fraud, bank fraud and making false statements (Doc. 1). *See United States of America v. Grady*, Case No. 11-cr-00131 (W.D. Mi. 2012).

On April 14, 2016, the petition was dismissed with prejudice upon preliminary review and judgment was entered against Grady (Docs. 6, 7). On May 6, he filed the motion for reconsideration (Doc. 8) now before the Court.

### Procedural History

Grady was sentenced to 168 months in prison, four years of supervised release, and $3,086,195.06 in restitution. In 2014, Grady moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (*Grady v. United*

*States*, Case No. 14-cv-00038-RJJ (W.D. Mi. Jan. 13, 2014)). As summarized by the district court:

> Mr. Grady's claims, many of which overlap, fall into four general categories: (1) challenges to the sufficiency of the evidence; (2) challenges to his convictions and restitution based on his lenders' sale of loans on the secondary market; (3) challenges to his conviction for bank fraud (Count 20) based on his assertion that Key Bank, N.A., was not a "financial institution" as defined in 18 U.S.C. § 20,5 (4) challenges based on alleged ineffective assistance of counsel for (i) failing to investigate the charges against him adequately; (ii) failing to present evidence and argue at trial that Mr. Grady was not guilty of wire fraud because the fraudulent loans had been sold on the secondary market; (iii) failing to present at trial evidence that Key Bank, N.A. was not a "financial institution" as defined in 18 U.S.C. § 20; and (iv) failing to challenge the evidentiary value of certain of the appraisals the government introduced in support of its extensive case.

Case No. 14-cv-00038-RJJ (Doc. 18, pp. 3-4). The Section 2255 was denied in all respects. The Sixth Circuit denied a certificate of appealability, and later declined to reconsider that decision. Case No. 14-cv-00038-RJJ, Docs. 22, 23.

Less than two months after the appeal of his Section 2255 motion concluded, Grady filed the present Section 2241 habeas corpus action, essentially pressing the claims in his Section 2255 petition that were deemed to have been procedurally defaulted He again argued that the private mortgage lenders he defrauded were not defined as "financial institutions," not depository lenders, not insured by the FDIC and, therefore, the government lacked subject matter jurisdiction, and he did not violate the law and is "actually innocent." He also challenged his two-level enhancement for involving 10 or more victims, because the documentation attached to the indictment only revealed nine victims. Grady

further took issue with having to make restitution to anyone other than the original private mortgage lenders, who sold their assets before he was ever indicted.

Grady premised his petition upon *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), which was decided while Plaintiff's direct appeal was pending; *United States v. O'Brien*, 560 U.S. 218 (2010); and [*Michael*] *Crawford v. Washington*, 541 U.S. 36 (2004).[1]

This Court concluded petitioner does not qualify under the savings clause" in 28 U.S.C. § 2255(e) which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." More specifically, it was noted that his arguments based upon *United States v. O'Brien*, 560 U.S. 218 (2010), and *Crawford v. Washington*, 541 U.S. 36 (2004), could have been presented earlier because those cases were decided before Grady was even indicted.

Grady's reliance on *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013), was found to be similarly misplaced. As noted above, *Alleyne* was decided while Plaintiff's direct appeal was pending. Although he arguably did not have an opportunity to present *Alleyne*-based arguments on direct appeal, those arguments could have been presented in Grady's 2014 Section 2255 petition. In any event, relative to the savings clause, *Alleyne* was decided based on constitutional principles, not statutory interpretation. Moreover, *Alleyne* was *not*

---

[1] Petitioner Grady mistakenly uses the defendant's first name, Michael, rather than his last name, Crawford.

made retroactive by the Supreme Court. *See Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* was not made retroactive).

Grady's contention that he is actually innocent of his conviction was found insufficient to satisfy the savings clause. Grady offered no new statutory interpretation case that would allow this Court to review the merits of his claims. As such, this Court ruled that relief pursuant to 28 U.S.C. § 2241 was not available to petitioner and the merits of Grady's arguments could not be addressed.

## Discussion

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Grady's present motion for reconsideration, however, does not argue that an error of law occurred or present any arguments that the Court's analysis was erroneous.

The order dismissing the Section 2241 petition explains in detail why Grady cannot utilize Section 2241; he does not qualify under the "savings clause" and Section 2255 provided an adequate and available remedial route for all of the arguments presented. Because Grady has not presented any arguments citing an error in the Court's legal reasoning, no further discussion is warranted. The order of dismissal and corresponding judgment shall stand.

**IT IS THEREFORE ORDERED** that, for the reasons stated, petitioner Grady's Rule 59(e) motion for reconsideration (Doc. 8) is **DENIED**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal in this district court within sixty days of the entry of this Order. FED.R.APP.P. 4(a)(1)(B)(iii), 4(a)(4)(A)(iv). Any motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee based on his prison trust fund account records for the past six months. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 9th day of May, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.05.09 13:42:25 -05'00'

**United States District Judge**